1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| ANIRUDHA SURABHI, | CASE NO. 15cv1830 WQH (MDD) |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ROBERT MILLER; KENNETH STRONG; KRANIUM SPORTS, LLC; MOBILITY TOOLS, LLC; and DOES 1-10, inclusive, | |
| Defendant. | |

11

12

13

14

15

HAYES, Judge:

16

        The matters before the Court are 1) the application for an order requiring Plaintiff

17

Anirudha Surabhi to file an undertaking to secure an award of costs and attorney's fees

18

(ECF No. 5); 2) the motion to strike and to dismiss the First Amended Complaint (ECF

19

No. 9); and 3) the motion for sanctions (ECF No. 18) filed by Defendants Robert Miller,

20

Kenneth Strong, Kranium Sports, LLC, and Mobility Tools, LLC.

21

**I.      Background**

22

        On August 17, 2015, Plaintiff initiated an action against Defendants in this Court

23

by filing a complaint.  (ECF No. 1).  On September 4, 2015, Plaintiff filed a First

24

Amended Complaint ("the Complaint").  (ECF No. 3).  On September 16, 2015,

25

Defendants filed an application for an order requiring Plaintiff to file an undertaking to

26

secure an award of costs and attorney's fees.  (ECF No. 5).  On September 23, 2015,

27

Defendants filed a motion to strike and to dismiss the First Amended Complaint.  (ECF

28

No. 9).  On October 13, 2015, Defendants filed a motion for sanctions against Plaintiff

1  and Plaintiff's counsel.  (ECF No. 18).

2  **II. Allegations of the Complaint**

3       Plaintiff, an individual and a citizen of India, brings this action against individual
4  and corporate Defendants to recover damages and equitable relief arising out of alleged
5  "fraudulent and material representations and promises made [by the individual
6  Defendants] to Plaintiff to induce Plaintiff to sell bike helmet technology to defendants"
7  and the alleged "breach of their agreements with Plaintiff which were entered into in
8  connection with their purchase of the technology."  (ECF No. 3 at 2).        Subject
9  matter jurisdiction is proper under 28 U.S.C. § 1332(a) on the grounds that Plaintiff is
10  a citizen of India and Defendants are citizens of California.  Venue is proper on the
11  grounds that Defendants  are present in this district and events giving rise to Plaintiff's
12  claims occurred in this district.

13       Plaintiff invented an award-winning technology which is used to design and
14  manufacture paper-based bike helmets mimicking the qualitites of a wood-pecker's
15  natural shock absorber ("the Technology").  In November 2010, Plaintiff and Jonathan
16  Cole formed Kranium, Ltd., a UK corporation, to commercialize the Technology and
17  related accessories and products.  Kranium, Ltd. owned the Technology as well as
18  several Prototype Molds of the Kranium Helmet, and a number of contracts with third
19  parties to license the Technology.  During 2012 and 2013, the Technology was licensed
20  to Abus in Germany, and used to produce and sell helmets.

21       The individual Defendants expressed a strong interest in the Technology during
22  several meetings that took place in September 2013 at a bicycle trade event in which
23  Plaintiff depicted the Kranium Helmet.  The individual Defendants represented to
24  Plaintiff that given their business ties with Walmart, they could easily negotiate a
25  lucrative sales deal with Walmart, as well as with bike-sharing programs in the United
26  States.

27       On October 23, 2013, the individual Defendants met with Plaintiff in London,
28  England to discuss a potential license of the Technology with Plaintiff and Cole.  The

individual Defendants stated that they were interested in negotiating a deal to license the Technology so that they could sell to Walmart a version of the Kranium Helmet similar to the helmet sold to Abus.  The individual Defendants reiterated their strong business ties with Walmart.  When Plaintiff drove the individual Defendants to the airport to return to the United States, they told Plaintiff for the first time that instead of a licensing deal they wanted to purchase Kranium, LTD., and hire Plaintiff to work in San Diego as Director of Product Development for a company to be formed, which would own the Technology.

Based upon further negotiations and representations, on December 19, 2013, Plaintiff signed two term sheets (prepared by the Individual Defendants on Mobility's letterhead) reflecting the agreement that had been reached between Plaintiff, Cole, and the Defendants.  Pursuant to the Contract, in consideration for Plaintiff's agreement to sell his ownership interest in the Technology, Defendant agreed to grant Plaintiff a 10% ownership interest in Kranium Sports, LLC; to pay Plaintiff $400,000 from the sale of helmets; to employ Plaintiff as Director of Product Development at Kranium Sports; and to grant Plaintiff 35% equity in a design and development entity.  Based upon these representations, on February 14, 2014, Kranium Sports was formed, and on February 23, 2014, an asset purchase agreement between Kranium Sports and Kranium, Ltd. was executed.

Pursuant to the asset purchase agreement, Cole received consideration for his sale of the Technology.  To date, the Defendant have failed to pay Plaintiff what they promised, refused to grant Plaintiff his 10% ownership interest in Kranium Sports, failed to secure employment for Plaintiff as the Director of Products Development, and failed to create a design and development entity.

Plaintiff asserts the following claims for relief: 1) fraud, 2) breach of contract, breach of the covenant of good faith and fair dealing, 4) promissory estoppel, 5) violation of California Business and Professional Code § 17220, 6) unjust enrichment, 7) negligence, 8) constructive trust, and 9) accounting.  Plaintiff seeks to recover

damages, and interest.

## III.   Motion to dismiss and strike

Defendants contends that the Complaint fails to allege facts which took place in this District and contains only conclusory, general statements.  Plaintiff contends that the Complaint meets the standards for jurisdiction and states facts sufficient to state a claim for each cause of action.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the Court should "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in his favor."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In this case, the Complaint alleges that Plaintiff is a citizen of India, all Defendants are citizens of California, and the amount in controversy exceeds $75,000.00.[1]  The Complaint alleges that the individual Defendants resided in California at all relevant times and that the Corporate Defendants are California limited liability companies doing business in California.  These allegations are adequate on the face of the Complaint to satisfy diversity jurisdiction under 28 U.S.C. § 1332(a)(2), personal jurisdiction over the Defendants, and venue.[2]

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A district court's dismissal for failure to state a

---

[1] Plaintiff concedes that the Complaint incorrectly cites 28 U.S.C. § 1332 (a)(1) "citizens of different States" instead of 28 U.S.C. § 1332(a)(2) "citizens of a State and citizens . . . of a foreign state" and stand prepared to amend the Complaint.  The Court will not dismiss the case based upon this improper citation at this stage in the proceedings.

[2] There are no facts to support a dismissal for lack of service.

claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

**A. Fraud**

Claims sounding in fraud must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the

misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted).

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (citations and internal quotations omitted).

In this case, the factual allegations in the Complaint detail specific contract negotiations identified by time and location, and specific representations.  (ECF No. 3 at 8-9).  The Complaint alleges that the representations were false and made to entice Plaintiff to sell the Technology to Defendants, and that Defendants "knew the representations were not true and did not intend to perform said promises."  *Id*. at 12. The Complaint alleges that Plaintiff justifiably relied upon the representations and suffered damages from his reliance. *Id.*

The Court concludes that the Complaint adequately alleges fraud with the particularity required by Rule 9(b) and sufficient facts to state a fraud claim that is "plausible on its face."  *Iqbal*, 556 U.S. at 678; *Swartz*, 476 F.3d at 764 (stating that Rule 9(b) requires an "account of the time, place, and specific content of the false representations").   The Complaint alleges specific representations made by the individual Defendants with particularity, the times and locations of the alleged misrepresentations, and the harm to Plaintiff caused by Plaintiff's reliance upon the specific misrepresentations.  Defendants' motion to dismiss Plaintiff's claim for fraud is denied.

**B.  Breach of Contract, Breach of the Covenant of good faith and fair**

15cv1830 WQH (MDD)

**dealing, and Promissory Estoppel**

In order to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (Cal. Ct. Appeal 2001); 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570. "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language." *Constr. Protective Servs., Inc., v. TIG Specialty Ins. Co.,* 29 Cal. 4th 189, 198-99 (2002). The Complaint alleges that "Defendants breached the Contract by failing to pay Plaintiff the agreed upon sums which were required under the Contract; failing to grant him 10% ownership in [Kranium Sports] and 35% ownership in the Development Entity; and failing to secure employment for him as [Kranium Sports]'s Director of Product Development." (ECF No. 3 at 13). The Complaint alleges facts sufficient to plausibly infer the existence of a contract, performance by the Plaintiff, breach by Defendants, and damages. *Id.* at 9. Defendants' motion to dismiss Plaintiff's claim for breach of contract is denied.

"Every contract imposes on each party an implied duty of good faith and fair dealing. Simply stated, the burden imposed is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Chateau Chamberay Homeowners Ass'n v. Associated Intern. Ins. Co.*, 90 Cal. App. 4th 335, 345 (2001) (citations and internal quotations omitted). In this case, the Complaint alleges that

> [o]n July 24 and 25, 2014 the Individual Defendants met with Plaintiff, claiming that his 10% equity in [Kranium Sports] was not outright, but rather was subject to a vesting period that would deprive him of the value of the Contract. During these meetings the Individual Defendants, individually and on behalf of [Kranium Sports] and Mobility, attempted to strong-arm Plaintiff, including by using physical intimidation, all in an effort to coerce him to agree that his ownership interest was subject to a vesting period that eviscerated its value, and to submit information to the [United States Citizenship and Immigration Services] that was contrary to the promises previously made by the Defendants.

(ECF No. 3 at 11). The Court concludes that the factual allegations supporting

Plaintiff's claim that Defendant breached the express contract along with additional facts supporting a claim of bad faith are sufficient to state a claim for breach of the covenant of good faith and fair dealing. Defendants' motion to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing is denied.

"The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (2005) (citing *Laks v. Coast Fed. Savs. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976)) (internal quotations omitted). A claim for promissory estoppel exists when equity demands the enforcement of a promise which a promisee has justifiably and forseeably relied to his detriment. *Division of Labor Law Enforcement v. Transpacific Transportation Co.*, 69 Cal. App. 3d 268, 275 (1997). The Court concluded that the factual allegations in the Complaint are sufficient to satisfy the requirements of Rule 12(b)(6). Defendants' motion to dismiss Plaintiff's claim for promissory estoppel is denied.

## C. Violation of California Business and Professional Code § 17220

The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either 'unfair' or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins*., 122 Cal. App. 4th 1490, 1496 (2003). An act is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Id*. at 187. "A plaintiff alleging unfair business practices under [section 17200] must state with reasonable particularity the

1    facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*,

2    14 Cal. App. 4th 612, 619 (1993) (citations omitted).   Injunctive relief, and/or

3    restitution, including disgorgement of money, profits and/or property, wrongfully

4    obtained "by means of such unfair competition," are authorized under Section 17203

5    to restore a plaintiff all the property, money and/or profits gained by a defendant's

6    unfair business practices. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266

7    (1992).  In this case, the Court has concluded that the facts alleged are sufficient to state

8    a claim for fraud with particularity.   The Court concludes that these same factual

9    allegations are sufficient to state a claim for a violation of California Business and

10   Professional Code § 17220.   Defendants motion to dismiss Plaintiff's claim for a

11   violation of California Business and Professional Code § 17220 is denied.

12              **D.  Unjust Enrichment, Negligence, Constructive trust, and Accounting.**

13          State and federal courts in California are split as to whether a court may

14   recognize a claim for unjust enrichment as a separate cause of action. *See Nordberg v.*

15   *Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (collecting cases); *see*

16   *also MB Tech., Inc. v. Oracle Corp.*, No. C09-5988, 2010 WL 1576686, at *4 (N.D.

17   Cal. 2010) ("California courts, as well as the courts in this District, are squarely divided

18   on this point [of whether unjust enrichment is a cause of action].") (collecting cases).

19   This Court concludes that unjust enrichment is not a separate cause of action under

20   California law.   *See MB Tech., Inc.*, 2010 WL 1576686, at *4 ("Of these conflicting

21   interpretations, the better view is that unjust enrichment represents a form of relief

22   rather than an independent claim."); *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th

23   1457, 1490 (2006) ("There is no cause of action for unjust enrichment. Rather, unjust

24   enrichment is a basis for obtaining restitution based on quasi-contract or imposition of

25   a constructive trust."); *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004)

26   ("Unjust enrichment is not a cause of action ... or even a remedy, but rather a general

27   principle, underlying various legal doctrines and remedies.") (citation omitted).

28   Defendants motion to dismiss Plaintiff's claim for unjust enrichment is granted.

"The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Assn.,* 231 Cal. App. 3d 1089, 1095 (1991). In *North Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764 (1997), the California Court of Appeals explained:

> This court recently endorsed the general rule that where the 'negligent' performance of a contract amounts to nothing more than a failure to perform the express terms of the contract, the claim is one for contract breach, not negligence.  However, for over 50 years California has also recognized the fundamental principle that '[a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract.'  The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement [citation]."

59 Cal. App. 4th at 774. (quotations and citations omitted).  This Court concludes that Plaintiff has stated the elements of a breach of contract and concludes that the facts alleged could plausibly form the conditions of a tort as well.  Defendants' motion to dismiss Plaintiff's claim for negligence is denied.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Tamburri v. Suntrust Mortg., Inc.*, 2011 WL 6294472, at *17 (N.D. Cal. Dec. 15, 2011) (quoting *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 179 (2009)).  Based upon the factual allegations of the Complaint, the Court concludes that the facts alleged are sufficient to satisfy the requirements of Rule 12(b)(6).  Defendants' motion to dismiss Plaintiff's claim for accounting is denied.

**IV. Motion for Undertaking**

Defendants request the court to order the Plaintiff to post an undertaking in the amount of $32,365.00 to secure an award of costs and attorney's fees. Defendant assert that Plaintiff claims to be a resident of India and has filed his Complaint which is entirely untruthful, presenting nothing but the "unmeritorious, fallacious beliefs and contentions of a vindictive, vexatious and litigious Plaintiff." (ECF No. 5 at 5). Plaintiff contends that Defendants' motion is unsupported by any affidavit or other competent evidence which refutes Plaintiff's claims.

The Federal Rules of Civil Procedure do not contain a provision relating to security for costs. *Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994); *see generally* Fed. R. Civ. P. "Typically, federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs . . . this is especially common when a non-resident party is involved." *Simulnet East Associates*, 37 F.3d at 574. "Although district courts often look to state practice to determine whether it is appropriate to require plaintiff to post a security, there is no requirement for federal courts to do so." *Susilo v. Wells Fargo Bank, N.A.*, No. CV 11-1814, 2012 WL 5896577, at *1 (C.D. Cal Nov. 19, 2012); *see Jefferson v. Stockholders Pub. Co.*, 194 F.2d 281, 282 (9th Cir. 1952).

California's statute regarding the requirement of a plaintiff to post security for costs is California Code of Civil Procedure section 1030. The statute provides that

> (a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, 'attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

> (b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding.

Cal. C.C.P. § 1030. "California state courts describe the purpose of section 1030 as a way to assist California defendants to 'secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'"

1   *Gabriel Technologies Corp. v. Qualcomm Inc.*, 8CV1992, 2010 WL 3718848, at *2

2   (S.D. Cal. Sept. 20, 2010).  Section 1030 provides that a defendant seeking to require

3   Plaintiff to file a bond must show that the moving defendant has a reasonable possibility

4   of obtaining a judgment in its favor.  Cal. Civ. Proc. Code § 1030(b).

5          In this case, the factual record does not establish that Defendants have a

6   reasonable probability to recover attorney fees and costs from Plaintiff, in the event that

7   Defendants prevail in this action.

8   **V.  Motion for Sanctions**

9          Rule 11 of the Federal Rules of Civil Procedure provides in part,

10
11          b) Representations to the Court. By presenting to the court a pleading,
            written motion, or other paper--whether by signing, filing, submitting, or
12          later advocating it--an attorney or unrepresented party certifies that to the
            best of the person's knowledge, information, and belief, formed after an
13          inquiry reasonable under the circumstances:

14          (1) it is not being presented for any improper purpose, such as to harass,
            cause unnecessary delay, or needlessly increase the cost of litigation;

15          (2) the claims, defenses, and other legal contentions are warranted by
            existing law or by a nonfrivolous argument for extending, modifying, or
16          reversing existing law or for establishing new law;

17          (3) the factual contentions have evidentiary support or, if specifically so
            identified, will likely have evidentiary support after a reasonable
18          opportunity for further investigation or discovery; . . .

19   Fed. R. Civ. P. 11(b).  The record in the case does not support any imposition of

20   sanctions at this stage in the proceedings.

21
22
23
24
25
26
27
28   **VI.  Conclusion**

                                          - 12 -                          15cv1830 WQH (MDD)

IT IS HEREBY ORDERED that 1) the application for an order requiring Plaintiff Anirudha Surabhi to file an undertaking to secure an award of costs and attorney's fees (ECF No. 5) is denied; 2) the motion to strike and to dismiss the first amended complaint (ECF No. 9) is granted as to Plaintiff's claim for unjust enrichment and denied as to all other claims; and 3) the motion for sanctions (ECF No. 18) is denied.

DATED: January 19, 2016

**WILLIAM Q. HAYES**
United States District Judge