FILED

2016 JUL 20  AM 8: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIRUDHA SURABHI, | CASE NO. 15cv1830-WQH-MDD |
| Plaintiff, | ORDER |
| v. | |
| ROBERT MILLER; KENNETH STRONG; KRANIUM SPORTS, LLC; MOBILITY TOOLS, LLC; and DOES 1-10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are (1) the motion to dismiss and motion for more definite statement and/or to strike (ECF No. 29) filed by Plaintiff Anirudha Surabhi; (2) the motion to dismiss and/or strike Defendant's amended counterclaims (ECF No. 31) filed by Plaintiff; and (3) the ex-parte motion to extend time for Defendants' opposition (ECF No. 38) filed by Defendants.

On August 17, 2015, Plaintiff initiated this action by filing a Complaint. (ECF No. 1). On September 4, 2015, Plaintiff filed a First Amended Complaint, alleging claims of fraud, breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, violation of California Business and Professions Code Section 17200, *et seq.*, unjust enrichment, negligence, constructive trust, and accounting. (ECF No. 3).

On February 1, 2016, Defendants filed an answer to the First Amended Complaint and counterclaims. (ECF No. 24). On February 3, 2016, Defendants filed

1  an amended answer to the First Amended Complaint and amended counterclaims,
2  alleging nineteen affirmative defenses and counterclaims for fraud, deceit, fraudulent
3  and intentional misrepresentation, promissory fraud, and fraudulent inducement. (ECF
4  No. 25).

5        On February 29, 2016, Plaintiff filed the memorandum of points and authorities
6  for a motion for a more definite statement and/or to dismiss and strike Defendant's
7  counterclaims. (ECF No. 29). On March 1, 2016, Plaintiff filed a motion to dismiss
8  for failure to state a claim and dismiss and/or strike, attaching a notice of motion and
9  motion and a memorandum of points and authorities identical to the memorandum of
10  points and authorities filed in ECF No. 29. (ECF No. 31).[1]  Plaintiff contends that
11  Defendants/Counterclaimants failed to plead fraud with particularity.    Plaintiff
12  contends that he is entitled to a more definite statement before he is obligated to
13  respond to the counterclaim because the pleading fails to identify each count for which
14  relief is sought and fails to identify which Defendants/Counterclaimants allege which
15  claims against Plaintiff/Counterdefendant.    Plaintiff contends that the prayer for
16  attorney's    fees    should    be    stricken    from    the    counterclaims    because
17  Defendants/Counterclaimants fail to allege a contract or statutory basis for recovery of
18  attorney's fees.

19        On March 25, 2016, Defendants filed an opposition to the motion to dismiss.
20  (ECF No. 35). Defendants contend that Plaintiff's February 29, 2016 filing of the
21  points and authorities for the motion to dismiss was improper because it lacked a
22  separate motion and notice of motion. Defendants contend that Plaintiff's March 1,
23  2016 filing of the complete motion with a notice of motion and memorandum of points
24  and authorities was not timely filed and should be denied on that basis. Defendants
25  request that "should the Court determine and accept Plaintiff's MTD as being timely

26

27        [1] ECF No. 31 appears to be identical to ECF No. 29 with the addition of a notice
   of motion and motion. The Court construes ECF No. 31 as an amended filing of ECF
28  No. 29 and therefore denies the motion for a more definite statement and/or to dismiss
   and strike Defendant's counterclaims (ECF No. 29) as moot.

1  filed . . . Defendants hereby move the Court for leave to amend this Opposition to
2  address Plaintiff's [points and authorities] with more particularity . . . ." (ECF No. 35
3  at 5).

4       On March 28, 2016, Plaintiff filed a reply. (ECF No. 36). In the reply, Plaintiff
5  asserts that Defendants' opposition was filed five days late and requests the Court to
6  strike the opposition and grant Plaintiff's motion on that basis. Plaintiff contends that
7  even if the Court accepts Defendants' opposition, the Court should grant the motion
8  on the merits.

9       On March 29, 2016, Defendants filed a sur-reply and an ex-parte motion to
10 extend time for Defendants' opposition. (ECF No. 38). Defendants assert that
11 Defendants' counsel was in the hospital at the time Defendants' opposition was due
12 and that Plaintiff's counsel was aware of Defendants' counsel's medical issue.
13 Defendants request the Court to consider Defendants' opposition and issue an Order
14 stating that Defendants' opposition was late for good cause and excusable neglect.

15      The Court has considered all of the briefing. The Court finds good cause for
16 Defendants' failure to timely file the opposition. Pursuant to Defendants' request for
17 an additional opportunity to fully address the merits of Plaintiff's motion before the
18 Court rules on Plaintiff's motion, Defendants may file any additional response to the
19 motion on or before July 25, 2016. Defendants may file any reply on or before August
20 1, 2016.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

15cv1830-WQH-MDD

1   IT IS HEREBY ORDERED that Defendants may file a response to Plaintiff's
2   motion to dismiss and/or strike and motion for a more definite statement (ECF No. 31)
3   on or before July 25, 2016.  Plaintiff shall file any reply on or before August 1, 2016.
4   IT IS FURTHER ORDERED that Defendants' ex-parte motion to extend time
5   for Defendants' opposition (ECF No. 38) is granted.
6   IT IS FURTHER ORDERED that the motion to dismiss and motion for a more
7   definite statement and/or to strike (ECF No. 29) is denied as moot.
8
9   DATED:  7/18/16
10                                      WILLIAM Q. HAYES
11                                      United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28